IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV446-1-V
3:99CR165-V

| | | |
|---|---|---|
| DARRYL PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed October 17, 2007. For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed.

## PROCEDURAL HISTORY

On November 1, 1999, Petitioner was one of thirteen individuals indicted by a federal grand jury in the Western District of North Carolina. Count One of the Indictment charged Petitioner with one count of conspiracy to possess with intent to distribute and to distribute a quantity of cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count Two charged Petitioner with using, carrying, and possessing firearms during and in relation to a drug trafficking crime in violation 18 U.S.C. § 924(c). On August 7, 2000, the Government filed a Second Superceding Indictment setting forth, among other things, the fact of Petitioner's two prior felony convictions and the specific amount of drugs involved in Count One. On June 14, 2001, after a trial by jury, Petitioner was convicted of conspiracy to possess with intent to

distribute and to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841 and 846. The jury acquitted Petitioner on Count Two. On February 19, 2004, this Court sentenced Petitioner to 360 months imprisonment to be followed by five years of supervised release. That same day, Petitioner appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit. On appeal Petitioner argued that insufficient evidence existed to support his conviction; that the trial court erroneously denied his motion for a new trial; and that the trial court erred by not instructing the jury on the five year limitations period. The Fourth Circuit rejected all three of these arguments. See United States v. Patterson, No. 04-4244 (Aug. 9, 2005, 4th Cir.). Petitioner also argued that his sentence was unconstitutional because it was based on facts that were neither charged in the Indictment nor found by the jury beyond a reasonable doubt. The Fourth Circuit held that a Booker error had occurred and as such vacated Petitioner's sentence and remanded for resentencing consistent with Booker and its progeny. Id. On remand, this Court sentenced Petitioner to 262 months imprisonment. Petitioner again appealed his sentence to the Fourth Circuit. On September 13, 2006, the Fourth Circuit affirmed Petitioner's sentence ruling that this Court had properly applied the sentencing guidelines and that the sentence imposed was reasonable. See United States v. Patterson, No. 06-4121 (Sept. 13, 2007, 4th Cir.).

On October 17, 2007, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence. In his Motion Petitioner alleges that: 1) his criminal history was improperly calculated; 2) the crime in paragraph 36 should not have been assessed any criminal history points; and 3) he received ineffective assistance of counsel.

# ANALYSIS

## I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

## II. PRESENTENCE REPORT ERRORS

### A. Procedural Default

Petitioner did not raise these presentence report claims on direct review. In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or must demonstrate that a miscarriage of justice[1] would result from a refusal to entertain a collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Ineffective assistance of counsel may constitute cause for default. See Wright v. Angelone, 151 F.3d 151,

---

[1] In order to establish a miscarriage of justice a petitioner must establish actual innocence. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Petitioner makes no argument in support of any claim of actual innocence.

160 & n.5 (4th Cir. 1998)(constitutional ineffective assistance of counsel establishes cause sufficient to excuse procedural default). Petitioner does not allege any cause[2] to excuse procedural default and thus his claims of presentence report errors are defaulted.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

**A. Failure to Object to Misidentification of Petitioner**

Petitioner alleges that his counsel was ineffective because he failed to immediately object when the witness Renado Prince, an undercover officer, misidentified him. Petitioner asserts

---

[2] Although Petitioner raises claims of ineffective assistance of counsel he does not do so with regard to these claims. Even if Petitioner's motion was construed to assert ineffective assistance of appellate counsel on this basis he cannot establish prejudice. That is, for the reasons set forth in the Supplemental Addendum to the Presentence Report -- the criminal history points given to Petitioner in paragraphs 39 and 40 are correct even taking into account the fact that Petitioner's participation in the conspiracy ended with his incarceration. As such, his criminal history category was appropriately established at level IV.

4

that his counsel's failure to timely object "exposes the jury to inflammable testimony that incriminated [Petitioner]"

Petitioner's ineffective assistance of counsel claim on this basis fails because, at a minimum, he cannot establish that he was prejudiced by his counsel's failure to immediately object. At trial Mr. Prince misidentified Petitioner during direct examination. Petitioner's counsel did not immediately object and the prosecutor asked several follow-up questions. After a side-bar, Petitioner's counsel objected and moved to strike Mr. Prince's testimony. Petitioner's counsel's objection was granted. After an additional sidebar, the undersigned instructed the jury that they must not consider Mr. Prince's testimony for any purpose of the trial. A jury is presumed to follow its instructions. See Weeks v. Angelone, 528 U.S. 225, 225 (2000). Consequently, the instruction to disregard for any purpose Mr. Prince's testimony obviated any prejudicial effect of Petitioner's counsel's failure to immediately object and his ineffective assistance of counsel claim fails.

### B. Failure to Request Jury Instruction

Petitioner also alleges that his counsel was ineffective because he failed to request a jury instruction regarding the five year statute of limitations. More specifically, Petitioner argues that because his conduct after his release from a 1995 state court conviction was not a part of the instant conspiracy and because the prosecution did not establish any overt conspiratorial acts after the October 27, 1994, attempted robbery, a five year limitation instruction would have enabled the jury to conclude that his post-incarceration conduct was not a part of the conspiracy

and that therefore there was no illegal act established within the five year limitation period.[3]

Petitioner's ineffective assistance of counsel claim on this basis fails because again, at a minimum, he cannot establish that he was prejudiced. Petitioner was indicted in the instant federal criminal case on November 1, 1999. Therefore, for a five year limitation jury instruction to have an impact on his case, Petitioner must establish that he was not a part of the conspiracy from November 1, 1994 onward. Petitioner mistakenly focuses on the alleged lack of an overt conspiratorial act after October 27, 1994 – the date of the attempted drug robbery. However, Petitioner must establish that he withdrew from the conspiracy more than five years before his indictment. It is well-established law that once a defendant is involved in a conspiracy, he is presumed to continue until he takes affirmative action to withdraw. See United States v. West, 877 F.2d 281, 289 (4th Cir.)(once an individual is part of a conspiracy that individual remains a member of the conspiracy until that individual acts "to defeat or disavow the purposes of the conspiracy"), cert. denied, 493 U.S. 959 (1989); United States v. Sheffer, 896 F.2d 842, 844 (4th Cir.)(conspiracy is an ongoing crime), cert. denied, 498 U.S. 968 (1990). Petitioner does not carry his burden. Indeed, Petitioner does not present any evidence to support a conclusion that Petitioner withdrew from the conspiracy prior to his state conviction in September 1995. Further supporting the conclusion that Petitioner was not prejudiced by his counsel's failure to request a five year limitation instruction is the Fourth Circuit's ruling in Petitioner's first appeal that sufficient evidence existed that Petitioner engaged in conduct in furtherance of the conspiracy within five years prior to the date of the indictment. See United States v. Patterson, No. 04-4244

---

[3] At sentencing this Court ruled that the evidence did not support a finding beyond a reasonable doubt that Petitioner's post-incarceration conduct was part of the conspiracy. (Dec. 18, 2003, Sent. Hearing Trans. at pp 6-7).

(Aug. 9, 2005, 4th Cir.). Consequently, Petitioner has not established that he was prejudiced and his ineffective assistance of counsel claim on this basis fails.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: February 29, 2008

Richard L. Voorhees
United States District Judge